The final argument this morning before this panel is in Appeal No. 05-1533, Magnivision Inc v. Bonneau Company. Mr. Bernstein, please. Welcome. Good morning. The floor is yours. May it please the Court, we respectfully request that the Court enforce the plain and natural meaning of the judgment that we obtained after a settlement, after many years of litigation. Mr. Bernstein, before you get to the substance of the matter, who is your client? My client is Magnivision, the plaintiff below. Who owns Magnivision? It's explained in our papers. I know that Mr. Nyman is the principal authorized to negotiate on behalf of it. Is there a common ownership between Magnivision and the other appellants, the appellees? And the appellees? Not that I understand, Your Honor. Who are the appellees? The appellees are, I believe, Foster Grant and Bonneau. I'm sorry, Foster Grant, Bonneau, and AAIFG. Is AAIFG owned by Alpha? Your Honor, I don't know the answer to that question. Well, my question is whether or not we have jurisdiction, whether it's a case in controversy, whether both parties really are owned by the same people. I believe they are not, Your Honor, and that's why they're disputing this, because the $2 million will go to a different set of shareholders. If Your Honor would like, because I did not realize that would be an issue today, I'd be happy to address it in a post-argument submission. I certainly don't want to say... Why would it matter if the other two defendants are not commonly owned? Wouldn't there still be a live case or controversy even if one defendant was commonly owned along with the plaintiff? Surely, Your Honor. There are many... But isn't that the case we have here? Yes, Your Honor. Now, no one's suggesting that Bonneau is commonly owned with the Magnavision. Absolutely not, Your Honor. So there's at least one proper party on the other side not commonly owned? Yes, Your Honor. With that answer, as I say, if it's important to the Court, I'd be happy to address it in a post-argument submission. Well, I think it is important to trace it all the way through, because basically there is a question as to the real parties in interest. Yes, and I assure Your Honor that there is adversity, and I know this is addressed at the beginning of our opening brief where we address it, but I do not want to say anything incorrect as to the precise matter. Judge Michel is clearly correct that there's at least one defendant that does not have common ownership, and that's enough for adversity as indicated by the extremely hard-fought battle that you've seen in the papers. As to the merits, the judgment clearly says that, quote, the parties have agreed to settle for a payment having a present cash value of $11 million to an entity to be designated by the plaintiffs. And that's a... Can I ask you a question? I don't understand exactly what is going on here, and maybe you can't or don't want to explain it, but what it seems like is that the parties seem to say, at least the other side argues and the district court seems to have said it, the understanding here was that the settlement would be basically paying $9 million. $2 million was already paid, and they're going to pay another $9 million. Now, if that is so, why did the settlement, and why did they insist on the settlement taking the form of being $11 million? Well, that's precisely our point, Your Honor. That is not so. The settlement says it's for $11 million. The judgment says it's for $11 million. When the only evidence in the record that's under oath as to anything that happened before that, Mr. Nyman's declaration says he was handed a sheet of paper saying, are you willing to settle this case for $11 million, present cash value, and he checked that. The words $9 million are not referred to in the judgment. They're not referred to in the settlement that's on the record, and the settlement that's on the record says, at page A-3-0-0-4, there are no other material terms. And if there was any doubt about that, the judge said the next day at A-3-0-1-2 that the plaintiff was to prepare a judgment in accordance with, and only with, the stipulation that was reported on the record yesterday. Well, but your opponent points to the confidential agreement, which he says indicates that the $2 million was to be offset against the recovery. Right. And that's wrong in two respects, Your Honor. One, one doesn't even turn to the confidential agreement, because the settlement agreement in this case says there are no other material terms, and the judge specifically said that the judgment was... Where does the settlement, where does the, where does that say that? A-3-0-0-4, the on the record settlement agreement. And it's, and the transcript actually is titled settlement agreement. That's at A-3-000. At A-3-0-0-4, the mediator says that he's talked to the parties, and there are no other material terms. And if there were any doubt about that, the next day, the judge comes back on the record and says, and this is at A-3-0-1-2, the plaintiff is to, quote, prepare a judgment in accordance with, and only with, the stipulation that was reported on the record yesterday. And the stipulation that was... Well, wait a minute, wait a minute. Before you get into that, on page 3-0-4, I know, and I take it you're referring to these lines at the top of the page, which the mediator said, my understanding is that counsel for each side have conferred, and they do not believe that there are any other material terms which will be difficult to work out. That's not the same thing as saying there will be no, there are no other material terms. Well, your... What they're saying is that he's, this is what we've agreed on, and whatever has not been agreed on, we think will be worked out. Your Honor, I would respectfully submit that a reduction of $2 million is certainly a material term, and that if there was going to be a reduction of $2 million based on a prior six-page contract, six-page single-space contract, and it was being incorporated, that would be a material term, and there would be mention of it. And if there were any doubt, the judge would not say the next day, if you would turn to A-3-0-1-2, so I am going to order at this time the plaintiff to prepare a judgment in accordance with, and only in accordance with, the stipulation that was reported on the record yesterday, and we will take it from there. I have a procedural problem with your argument. This isn't the trial court. We're not weighing credibility. Correct. We're not deciding what happened earlier in our court. We're only reviewing a Rule 60B adjudication by a district judge. Correct. We have to review that deferentially. We don't have any choice, and I'm having a very hard time with your argument because you sound as if you're in the trial court making the preceding adjudication by the district judge on the 60B motion. But the 60B motion has already been adjudicated by Judge Kostner, and we're reviewing deferentially. Your Honor. So I just don't follow your argument at all. Your Honor, I do not believe you're reviewing it deferentially because the meaning of a judgment, and we have a bunch of cases in our reply brief on this, is a question of when the judgment is clear and speaks for itself, and this district court expressly found that the judgment was clear and spoke for itself. But what the judge did in this case was not to reduce the judgment. What the judge did was he said that the judgment was partially satisfied by the $2 million payment. Your Honor, I agree he said that, but I think that begs the question. If the plain meaning of the judgment, a payment having a precedent... Look, if your argument persuades us that the judgment can only be read as if it said $12 million more, you win. Absolutely, you win. But if we don't agree that $12 million in the judgment has to be read as if it was followed by the word more, $12 million more, or $12 million in new money, if we're not persuaded by that argument, then what do you say? What's your fallback position? Well, the fallback at that point would be we asked for discovery, we asked for an evidentiary hearing, we got neither, and there would have to be a remand. But I agree with you... What do you mean there would have to be a remand? There would have to be a remand if we found that the adjudication was irrational or incomplete or contravenes some law? There wouldn't have to be a remand. Your Honor, I would suggest that there should be a remand when a party asks for discovery and cross-examination and the court denies that and then makes a finding of fact. I don't think the court made a finding of fact. All the court said was this prior $2 million was paid in connection with this action. The court made no finding of fact as to the party's negotiations or what they understood. And the judgment, which is, I think, the critical point, because I think there should be no remand, because the judgment is plain. The judgment says present cash value of $11 million. The dictionary definition of present value is a future payment. And it refers to one payment. That's why we don't like to rely so much on dictionaries and patent claim construction. It gets you off the track of what really happened in the particular case to deal with some abstraction. Well, but, Your Honor, it's not just what's in the judgment. It's what's in the settlement on the record. The court said on the record... I don't care where it appears. You're attaching magical significance to the word present value. In the context of this case, I don't see how it carries your preferred meaning. Well, it's not only the word present value, because when the mediator put the settlement on the record, he said the payment of this settlement will be made. Oh, come on. But no one would say that, Your Honor, if there were... Come on. All $12 million will be dollars paid over in the future. You're reading that into the word will. Maybe he should have said shall or are being, but you're going to hang your case on the fact that in an informal oral exchange in a courtroom, he used the word will. We're hanging our case on present value, the use of the word will, the use of the word currently expected, which also is future, the reference that there were not material terms of dispute. You said this earlier. What do you say to the language in the confidential agreement which created this $2 million payment, which says that... This is almost to the bottom of the page, 5002. It says it will not exceed $22 million, inclusive of the $2 million payment described in paragraph five, which should be obviously paragraph six above, which shall be credited against any recovery. Well, what I say, Your Honor, to that is three things. One, the sentence below that, which is the only sentence in this paragraph which refers to settlement, says the limit set forth in this agreement is applicable, and then it goes down to a settlement. Are you saying that this shall be credited against any recovery? That only refers to a recovery of at least $22 million? Is that what you're saying? Yes, because recovery is defined right above that as the maximum amount of damages. Recovery is a defined term. It's not defined as any amount of damages. It's defined as the maximum amount of damages, and then that is confirmed in the sentence which says the limit set forth in this agreement is applicable, regardless of whether the patent infringement litigation reaches finality by way of settlement, etc. It doesn't say the credit in this agreement is applicable. It says the limit, and the limit is the $22 million, and then I would also... But I would go up again and define what is meant by recovery. Recovery is any amount of damages that the Neiman shareholders in Magnavision may collect in the patent infringement litigation. With respect, Your Honor, it's not any amount of damages. The language is, quote, the maximum amount of damages. That's what's defined as recovery. And I'm not... That's a reference to $22 million. The maximum amount of damages that they may recover is the recovery. Correct. So you say the recovery is limited to the $22 million. The term recovery is referring to the $22 million, which is confirmed by the sentence which says the limit set forth in this agreement is applicable to a settlement, and then also paragraph 12 specifically says if there is eventually a final settlement of the patent litigation, other terms are to be agreed upon by the parties, and in the final settlement there's no reference to this agreement. The final settlement on the record says, I believe properly interpreted, there are no other material terms, and the judge says the next day the judgment is to be in accord only with the stipulation on the record. Why shouldn't the trial judge look at the confidential agreement with all the language Judge Friedman quoted? Because the contention being made is that the phrase $11 million in the judgment should be interpreted in a certain way, and the confidential agreement provides some guidance about what the parties intended. Why isn't it perfectly proper and sensible to look at that confidential agreement to try to understand what the $11 million refers to? New money only, or a combination of prior payment and new money? Your Honor, I would say two things. One, the trial judge did not look to the confidential agreement. He said the judgment is clear and speaks for itself. There is not one word in any order where the trial judge says I'm relying on the confidential agreement. Second, instead what the trial judge said on the record... But your position was $11 million means $11 million in new money yet to be paid. Correct. So in order to resolve whether he's persuaded by your contention, he has to decide what the $11 million refers to. Of course the number 11 is unambiguous, and that, I suspect, is all he meant by saying the judgment is unambiguous. It says 11. 11 is 11. It's not 10 or 12. But whether it's new money or old money, the judgment doesn't speak to that. Well, I think, respectfully, your Honor, our position is by using the words present value and in the on-the-record settlement, all the use of the future tense, it does refer to that. And I would also respectfully suggest that no judge who was basing his decision on a or no other material terms and would say himself that the judgment had to be in accord only with the stipulation reached on the record when there was no reference to that contract on the record. It is also... Let me ask you a somewhat related but different question. In the light of all of this discussion we've been having, what would your reaction be to the suggestion that this case should be remanded to the district judge with instructions that the district judge should now explicitly find whether the settlement contemplated the offset of the $2 million against the $11 million that the parties had agreed upon? Your Honor, that would certainly be preferable to what was done. We believe the interpretation of the judgment is a question of law decided by its four corners. But if one is going to go beyond the four corners, then I do believe you need to have a trier of fact decide as one would with witnesses and with evidence presented. Well, never mind forgetting the witnesses. Maybe all the district judge would have to do is to write a more extensive opinion. I don't know. I mean, I'd be reluctant if we were to remand the case to say to the judge, to tell the judge how to conduct the remand proceeding. Well, certainly the judge in his opinion now before the court said nothing about interpreting the judgment. His entire rationale, other than saying the judgment was clear and speaks for itself, his entire rationale was the $2 million is a prior payment in connection with this case. He didn't interpret $11 million. He didn't interpret present value. Wasn't his rationale basically that failure to offset the $2 million would result in unjust enrichment of your costs? Yes. And that begs the question because if it's a judgment for $11 million more because of the use of the word present value and the other uses of the future tense, then it's not unjust enrichment. But if what he said is to allow you to keep the entire $11 million and not reduce it by $2 million would result in unjust enrichment, isn't that necessarily and inherently a determination that in fact the understanding of the parties in the settlement was that the $11 million would be reduced by the $2 million? I do not think so, Your Honor, because that rationale nowhere appears. And instead, the question-begging rationale appears where the judge says, and it's the only thing he says about the $2 million, is the $2 million was a prior payment in connection with this case, which doesn't address, much less answer the question, whether $11 million present cash value refers to a future payment along with the other references to future tense and along with the references in the trial court settlement that there were no other material terms and that the judgment was to be in accord only with the stipulation on the record. How much longer do you think this should go on? We should remand it and then we'll have a further decision and then that'll be appealed and then we'll keep going around and we'll spend more than $2 million in lawyers' fees, not to mention taxpayer money on the litigation, all over $2 million. Your Honor, I think that's exactly why the rule is that a judgment is a question of law, that you don't have litigation about what judgment's meant, and you interpret them on the face of their language. And if you do that, $11 million present value, with the dictionary definition, because it's the best we have and the other statements by the mediator and the judge on the record in terms of future tense. Why isn't the meaning of present value, obviously, plainly, and solely, to take account for the fact that some of the payments would be installments paid in future years? So you have to define the value of money in a particular year or the whole thing doesn't make sense. And that's what was contemplated here, some later payments. And therefore, present value was to cover how much would be owed in view of payments made in subsequent years. Well, Your Honor, Plain and simple. Because the judgment refers to a payment having a present cash value of $11 million, which, with respect, we would submit is not what a judgment would refer to if you had the dichotomy you suggest between a past payment and a future payment. And it's not just the judgment that refers to that. It's the settlement on the record where the mediator said the payment and the settlement will be made, and I don't wish to repeat that. Well, I have to give you Mr. Bernstein, do you have the copy of the blue brief? I do. Could you get it, please? Yes. Thank you. I'd like to go back to the issue of Article 3 type of jurisdiction. Yes, Your Honor. If you take a look at page 6, the defendants appellees Bono Company and Foster Grant are defunct. Yes. The successor in interest of both Bono and Foster Grant is A.I. Foster Grant, which was added as a party defendant in July 2005. The current parent of A.A.I. is F.G. International, which is also the current owner of Magna Vision. Does that mean that both sides are represented by the same people? I do not believe so, Your Honor, but I am not... Who is a real party in interest in this case? Is it Nyman? I believe it is the owner... When does Nyman come into play? When is he a party to the action? Well, I do not believe he was ever made a party to the action. I believe that Mr. Nyman and others are the owner of Magna Vision. But, Your Honor, and I have never done this before in court, I am not as prepared on this as I should be, and I would respectfully request that we be allowed to make a one-page submission on this. Well, we need more than one-page submission. I think we need an understanding as to which parties are real parties in interest in the action to determine whether or not the parties are represented on both sides, and we are putting money from one party to the other. I know that is not the case, Your Honor. I cannot, as I stand here, give you the particulars, but I can promise the Court that if you will give me a day or two, I can give you the particulars. I doubt this is a subject on which Mr. Dunner and I will disagree as to what the particulars are. But my understanding is there is a separation in ownership, and there are entities that have an interest on one side that do not have an interest on the other side,  So why is the statement in the brief, the current parent of AAFG is FG International, which is also the current owner of MagnaVision? Is that correct? Your Honor, I assume that is correct. So if that is correct, then does that mean that both sides are in the case? One is a poet and one is a police? I do not believe it does, Your Honor. I believe there are interests on the plaintiff's side that do not exist on the defendant's side, and perhaps Mr. Dunner knows the answer to this better than I do. Well, it seems that Niman is a representative of former shareholders of MagnaVision. Yes. So if that is the case, then Niman should be the representative in the lawsuit in order to establish the controversy, if there is a controversy. Yes. And I believe what this ties back to is the statement made on the prior page that Niman is the representative of the former shareholders of MagnaVision and they retain the exclusive right to prosecute, dismiss, compromise, or settle. And I believe that it is the former shareholders who have benefited from this judgment and would benefit if the judgment were enforced according to its terms. Then the caption is wrong. At $11 million. And the parties are wrong. You know, the caption is what the caption was in the trial court, and I did not represent this party in the trial court. Nobody ever corrected it. Nobody ever corrected it. I may be wrong about this, but I believe there are some federal rules, at least in the trial court, perhaps in the appellate court, that permit the court to correct the caption to reflect the real party in interest. If the party is in interest of standing to bring the action. Of course. Maybe Mr. Dunner will have the answer for us. As I say, I apologize, Your Honor, and if the court wants or just permits, we will submit something that clarifies this as best we can. I think we need some clarification. Then we will submit that certainly by the end of this week. We will submit that. Thank you. Very well. Mr. Dunner. Good morning, Your Honors. May it please the court. In light of the colloquy between Judge Gaiarsa and Mr. Bernstein, perhaps I should start on that jurisdictional point. The bottom line is all the statements on page six of the rule brief are accurate. Magna Vision, as an entity, is owned by the same group that owns AAIFG. Mr. Niman, if you look at the confidential agreement, Mr. Niman carved out a piece of the action when he was talking about the purchase of Magna Vision by the group that is involved with the defendants in this case. Well, he signed it on behalf of Morton Niman on behalf of the former shareholders of Al Niman & Sons, Inc. Right. The key person is Morton Niman. He is the person who would get the $2 million if the court ruled in favor of Mr. Bernstein's position. Well, they were paid $2 million in a confidential agreement already. Absolutely. Our position is they've already been paid that $2 million and they should not get it. All I'm saying is he is the focal point of the interest in the $2 million. Is he a party in the case? He is not a party in the case. And I think that Mr. Bernstein's suggestion of filing a very brief paper with us filing a response is an appropriate way to deal with the issue. But you do say that there are adversary parties before this court? The adversaries are the interest of Mr. Niman. Who is not a party. Who is not a party. His interest is on the other side of my client's case. And his is the only interest on the other side of my client's case. Who is your client? My client is AAIG. I'm actually representing all of the defendants, but AAIFG is my client. And there are other entities associated with that client. I am technically representing all of these parties, even though some of those parties are defunct. Parties are defunct? Some of those parties are defunct. The pleadings were never changed. But the fact is that at least one of these parties, AAIFG, is still an existing party. Well, I don't quite understand how Mr. Niman can be a party in interest because his interest would be through magnification. Magnification is owned by AAIFG, which is also owned by FG International. You're absolutely right, Your Honor. So, magnification would be paid by AAIFG, so it would be from one pocket to the other. What is the document that derives Mr. Niman's standing? The confidential agreement is the only document. That's the only document? That's the only document I know of. Well, I think he has a problem with standing at that point. Your Honor, I think the appropriate way to do it is the way we've agreed. All right. The ruling is that Mr. Bernstein's letter brief, not to exceed 10 pages, will be due this Friday. Your response at the same length limit will be due the following Friday. Fine, Your Honor. And I have one further question. Can we tell now with the record in its present state, whatever it is, whether it's $9 million or $11 million, who pays it to whom? Well, Your Honor, that will be the subject of this paper. We will include that in the paper. Our understanding is it goes to Mr. Niman, but we'll include that in the paper. Well, now, if it goes to Mr. Niman, there's some document where it says it goes to whomever Mr. Niman may designate. That's true, too. And then I take it that there are also some forms. He's also appearing on behalf of the former stockholders of Magnavision, whoever they may be. Whoever he designates, if we give it to him, he could give it to whomever he wants, probably his son, who's involved in these proceedings. But if you pay him, is the lawsuit over? Is it dismissed at that point? Is there proper jurisdiction to pay him? Your Honor, the only issue remaining in this lawsuit is the $2 million issue. This is Jarndyce versus Jarndyce revisited. It started in 1991. It has spawned more lawsuits than I would like to count. The settlement has spawned four separate legal proceedings, and this is the fifth. Let me deal with the merits, if I may. The fact is that Mr. Bernstein's reading of the confidential agreement is exactly 180 degrees wrong, and let me start with that. He said that recovery is defined as only the maximum amount of damages, $22 million. Not only does that make no sense, because I cannot imagine why the offset of $2 million would be applied only to the $22 million. Well, I can give you an explanation for that. The purpose of the confidential agreement, one of its major purposes, was to make sure that the defendant's liability did not exceed $22 million. And if, suppose for the sake of argument, a jury brought in a verdict of $30 million, that would have to be cut down to $22 million. But if you didn't offset the $2 million against the $22 million, it would end up that the defendant would be paying not $22 million at the total, but $24 million. And therefore, the reason for this rather limited extent of the offset is to make sure that the $22 million limit was observed. Your Honor, we don't even need to go through that analysis, because the same paragraph that Mr. Bernstein is looking at uses the word recovery for $2 million as well. And if you look at the bottom of paragraph 7 on A5002, you will see that it says in the sixth line from the bottom, notwithstanding the foregoing, the Niman shareholders shall retain the full $2 million payment if the recovery is $2 million or less. So the agreement doesn't define the recovery as $22 million. It defines it as any recovery. The words are any recovery. It didn't say the recovery, meaning the max. It said any recovery. I think a fair reading of this agreement is that the parties were providing for a $2 million offset for any recovery that took place. And the settlement recovery of $11 million present cash value is a recovery. And it is clear that Judge Klausner understood what was going on, because in his final judgment, he actually said on page A2, he recognized that $2 million had been paid. He recognized that the parties didn't dispute that it had not been refunded. He recognized that there was no other explanation for that $2 million payment. He said he had read the entire record, and he said that to award $2 million more would result in unjust enrichment to the plaintiff. He knew exactly what was going on, because he participated in the mediation. He was one of the mediators, and he knew exactly that this confidential agreement provided that $2 million offset. Now, Mr. Bernstein is saying that we're reading language into the final judgment. We're not reading any language into the judgment. That judgment could be clear or unclear. It's a paper standing alone. In fact, it is ambiguous in the sense that it doesn't say whether it's net or gross. The mediator statements make clear that the parties from the beginning – I believe you asked, Judge Friedman, why did the parties talk about $11 million if they're talking about something else? Because the parties agreed, and Mediator Marks said absolutely clearly they agreed that they would deal in gross numbers. That's what they agreed on. In fact, some of the early exchanges, even Mr. Nyman in his declaration agreed, were dealing with gross numbers. You said gross numbers means $11 million rather than $11 million minus the $2 million. No, a gross number means that if there's some other paper that has an offset, it becomes $11 million minus $2 million. That's what the gross means. We cite several cases. We cite several cases which basically say – which have California cases in which the court held that there was an ambiguity. The Trier's case and the Millett case, California Court of Appeals, the words were retirement pay and proceeds. The court said it was ambiguous. They had to decide whether it was gross or net. Now, the fact is we are not reading anything into the final judgment. I'm curious, though, why is it that in the discussions of the settlement in court where, among other things, there was considerable discussion of the fact that it was to be paid not all at once but over a period of years, why didn't anyone point out at some point that, of course, this $11 million will be reduced by the $2 million that's already been paid? Because as Mediator Marks pointed out, that had been discussed ad nauseum in the presence of Judge Klausner. Mr. Marks mentioned it. He mentioned it to the parties in the presence of Judge Klausner. Everybody knew that it – except apparently Mr. Neunen, who now insists that it didn't happen. Everybody knew we were talking about gross dollars. And, in fact, it was agreed by the parties that those are the numbers we would use. Well, why do you call it gross numbers? If the arithmetic is 11 minus 2, that sounds like a net number, not a gross number. Nine is the net number, Your Honor. The gross number means that it's a number which could have an offset against it which would reduce a gross 11 to a net 9. And that's exactly what happened in this case. We are not amending the final order. If the Mediator had said nothing in this case, and the Mediator, obviously, without any prompting from us, he gratuitously sent those e-mails. If he had said nothing, you still would look at the final judgment, and then as the cases make clear, you look, is there a partial satisfaction, which is what Rule 60b-5 is all about. And you can look to another document to see whether there is a partial satisfaction. That is exactly what happened in this case. This case, actually, has become a very complicated case. I think the legal fees, undoubtedly, have exceeded the $2 million we're talking about. So, God only knows why we're here today, but we are here, and we need to deal with this subject. You're here today to decide who gets the $2 million. That's exactly right. But they have raised other questions. They talked about a future payment, present cash value. Judge Michel hit it right on the nose. What it basically means is there's money paid over time. It needs to equal $11 million as of today, and it does. $2 million was paid. $9 million is paid with 6% interest. By the time the payments are all through, you will have $11 million present cash value. And the record makes absolutely clear, even without Mr. Mark's comments, that that is so. And with Mr. Mark's comments, it becomes even more so. Now, the question was, should we remand the case if, in fact, to get further findings? Judge Klausner made findings. He made findings in this case. He found that $2 million was paid. It was not refunded. There was no other explanation. And it would be unjust to award them another $2 million. Everybody knew what was going on. A remand will merely convert a nightmare into a further nightmare by prolonging the agony in this case. My suggestion is, subject, of course, to the question that Judge Guyarza raised about jurisdiction, this case should end, and it should end now. It's a very simple case. The money has been paid. It would be totally unjust to award another $2 million in this case. Thank you. Mr. Bernstein will give you two minutes of rebuttal, even though you went well beyond your allotted time. No repeats. Only new arguments. Yes, Your Honor. First of all- Responsive to what Mr. Dunner has said. This will be in our papers Friday, but I believe the answer to your question is on A-5009, which indicates that all monies will be paid to the Niman shareholders. It's in paragraph C on A-5009. I know where they have to be paid, but the question is, what standing do they have and why is Mr. Niman not a party to the action, if, in fact, he's a party in interest? And we will address that on Friday. The only thing I would say is two things relating to the confidential agreement. The sentence that my colleague read is after the definition of recovery. Recovery is a defined term. The sentence leading to that defined term refers to maximum amount of damages. Moreover, the sentence after my colleague read says that it is, quote, the limit, unquote, that is applicable to a settlement, which is not the terms you would use if you wanted to make the credit applicable. But I don't understand, though, the argument, because what it says is that the Niman shareholders shall retain the full $2 million payment if the recovery is $2 million or less. I don't see how you can say that in the light of that, this provision defines recovery to mean only the $22 million maximum. Neither the provision nor the contract is a model in draftsmanship. Immediately above that, it defines recovery as the maximum amount of damages. And immediately below that, the only sentence in that paragraph that refers to settlement says the limit is applicable to a settlement, not the credit, not $2 million comes off everything else. And on top of all of that, paragraph 12 of the confidential agreement says in the event of a final settlement of the patent litigation, we're going to have to agree upon terms as part of that final settlement. What's the logic of a court of appeals telling a trial court what its judgment meant and intended? Well, Your Honor, and this is well established when we cite the cases in consent decrees, which is a judgment following after a settlement, the meaning of a consent decree is determined from the four corners of the document. I understand what the case law says. I understand that you have an arguable foundation for your argument. I'm asking you a different question. What is the logic, what is the common sense of a court of appeals that wasn't there, didn't participate, has little snippets of this and that, substituting its guess of what was intended by the words in the judgment for the conclusion of the trial judge of what he did intend when he wrote the words of the judgment? I think the logic, Your Honor, is precisely to bring litigation to a close by making judgments turn on what they say and not on litigation afterwards, either in the trial court or in the court of appeals, about all this background stuff, particularly when the on-the-record settlement says we've put all the material terms on the record and the judge says it again the next day that the judgment is going to be only in accordance with what was on the record. Well, that's an argument that the Rule 60B proceeding shouldn't have been allowed to go forward at all. But it went forward, it reached a conclusion, and you're asking us to second-guess the judge's conclusion about his own case, what he meant, what he expected to happen. Because I think the judge made an error of law, rather than interpreting the language of the judgment or the language of the on-the-record settlement, he just simply bought the argument that you heard from Mr. Dummer, that under Rule 60B-5, any prior payment can be used against the judgment, and that begs the question of whether a judgment for $11 million present cash value, as the court said, means $11 million more, because we believe, for all the reasons that I won't repeat, it means $11 million more. The approach the district court took was an error of law, simply to say the fact that the prior payment was in connection with this case answers the question. Thank you, Your Honor, for your- Thanks to both counsel, the case is submitted. Mr. Bernstein and Mr. Dunner, when you submit those briefs, if there are any documents which are not in the appendix, it would be appreciated if you could append them.  Thank you. We are recorded until tomorrow morning at 10 a.m.